UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| JENZABAR, INC.,<br>    Plaintiff,<br><br>v.<br><br>DYNAMIC CAMPUS SOLUTIONS, INC.,<br>MICHAEL L. GLUBKE, and DOROTHY<br>HESS,<br>    Defendants. | CIVIL ACTION NO. 1:07-cv-11219 (JLT)<br><br>(David M. Felper, BBO# 162460)<br>(Christine S. Collins, BBO# 639293) |

## ANSWER AND COUNTERCLAIMS OF DEFENDANTS DYNAMIC CAMPUS SOLUTIONS, INC. AND MICHAEL L. GLUBKE

Now come Defendants Dynamic Campus Solutions, Inc. ("DCS") and Michael L. Glubke ("Defendant Glubke") (collectively "Defendants"), and answer the Complaint as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and, therefore, deny same.

2. Defendants admit that DCS was known as Dynamic Campus Solutions, LLC and is a corporation. Defendants deny the remaining allegations of paragraph 2.

3. Defendants admit that Michael L. Glubke is an individual. Defendants deny the remaining allegations of paragraph 3 of the Complaint.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, therefore, deny same.

5. Defendants state that paragraph 5 of the Complaint contains legal conclusions to which no response is required. To the extent paragraph 5 contains any factual allegations, Defendants deny same.

6. Defendants state that paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent paragraph 6 contains any factual allegations, Defendants deny same.

7. Defendants state that paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent paragraph 7 contains any factual allegations, Defendants deny same.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and, therefore, deny same.

9. Defendants deny the allegations of paragraph 9 of the Complaint, except Defendants admit that Mr. Glubke was employed as Vice President of CARS Information Systems Corporation ("CARS") from 1997 through 2000.

10. Defendants admit the allegations of paragraph 10 of the Complaint.

11. Defendants admit the allegations of paragraph 11 of the Complaint.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, therefore, deny same.

13. Defendants deny the allegations of paragraph 13 of the Complaint, except admit that Mr. Glubke had knowledge regarding the sales practices, pricing and customer information of CARS.

14. Defendants state that paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent paragraph 14 contains any factual allegations, Defendants deny same.

15. Defendants deny the allegations of paragraph 15 of the Complaint.

16. Defendants deny the allegations of paragraph 16 of the Complaint.

17.     Defendants deny the allegations of paragraph 17 of the Complaint.

18.     Defendants deny the allegations of paragraph 18 of the Complaint.

19.     Defendants deny the allegations of paragraph 19 of the Complaint.

20.     Defendants deny the allegations of paragraph 20 of the Complaint, except admit that Mr. Glubke resigned from Jenzabar, Inc. ("Jenzabar") in May, 2002.

21.     Defendants deny the allegations of paragraph 21 of the Complaint, except admit that Mr. Glubke formed DCS in October 2002.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and, therefore, deny same.

23.     Defendants deny the allegations of paragraph 23 of the Complaint, except admit that Ms. Hess did perform work for DCS as an independent contractor.

24.     Defendants deny the allegations of paragraph 24 of the Complaint.

25.     Defendants deny the allegations of paragraph 25 of the Complaint.

26.     Defendants deny the allegations of paragraph 26 of the Complaint, except admit that they have sent letters referring to POISE Systems.

27.     Defendants deny the allegations of paragraph 27 of the Complaint.

28.     Defendants deny the allegations of paragraph 28 of the Complaint.

29.     Defendants deny the allegations of paragraph 29 of the Complaint.

30.     Defendants deny the allegations of paragraph 30 of the Complaint.

31.     Defendants deny the allegations of paragraph 31 of the Complaint.

32.     Defendants deny the allegations of paragraph 32 of the Complaint.

33.     Defendants deny the allegations of paragraph 33 of the Complaint.

34.     Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants state that paragraph 35 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 35 contains any factual allegations, Defendants deny same.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants deny the allegations of paragraph 40 of the Complaint.

41. Defendants deny the allegations of paragraph 41 of the Complaint.

## COUNT I:  LANHAM ACT §43(a), 15 U.S.C. §1125(a)

42. Defendants repeat and reallege the answers to paragraphs 1 through 41 as set forth above.

43. Defendants deny the allegations of paragraph 43 of the Complaint.

44. Defendants deny the allegations of paragraph 44 of the Complaint.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

46. Defendants deny the allegations of paragraph 46 of the Complaint.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

48. Defendants deny the allegations of paragraph 48 of the Complaint.

49. Defendants deny the allegations of paragraph 49 of the Complaint.

## COUNT II: COPYRIGHT INFRINGEMENT

50. Defendants repeat and reallege the answers to paragraphs 1 through 49 as set forth above.

51. Defendants state that paragraph 51 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 51 contains any factual allegations, Defendants deny same.

52. Defendants deny the allegations of paragraph 52 of the Complaint.

53. Defendants deny the allegations of paragraph 53 of the Complaint.

54. Defendants deny the allegations of paragraph 54 of the Complaint.

55. Defendants deny the allegations of paragraph 55 of the Complaint.

56. Defendants deny the allegations of paragraph 56 of the Complaint.

57. Defendants deny the allegations of paragraph 57 of the Complaint.

## COUNT III: BREACH OF CONTRACT

58. Defendant Glubke repeats and realleges the answers to paragraphs 1 through 57 as set forth above.

59. Defendant Glubke denies the allegations of paragraph 59 of the Complaint.

60. Defendant Glubke denies the allegations of paragraph 60 of the Complaint.

61. Defendant Glubke denies the allegations of paragraph 61 of the Complaint.

62. Defendant Glubke denies the allegations of paragraph 62 of the Complaint.

63. Defendant Glubke denies the allegations of paragraph 63 of the Complaint.

## COUNT IV: BREACH OF DUTY

64. Defendants repeat and reallege the answers to paragraphs 1 through 63 as set forth above.

65. Defendant Glubke denies the allegations of paragraph 65 of the Complaint.

66. Defendant Glubke denies the allegations of paragraph 66 of the Complaint.

67. Defendant Glubke denies the allegations of paragraph 67 of the Complaint.

## COUNT V: INTENTIONAL INTEFERENCE WITH CONTRACTUAL RELATIONS

68. Defendants repeat and reallege the answers to paragraphs 1 through 67 as set forth above.

69. Defendants deny the allegations of paragraph 69 of the Complaint.

70. Defendants deny the allegations of paragraph 70 of the Complaint.

71. Defendants deny the allegations of paragraph 71 of the Complaint.

## COUNT VI: UNFAIR AND DECEPTIVE TRADE PRACTICES

72. Defendants repeat and reallege the answers to paragraphs 1 through 71 as set forth above.

73. Defendant DCS denies the allegations of paragraph 73 of the Complaint.

74. Defendant DCS denies the allegations of paragraph 74 of the Complaint.

75. Defendant DCS denies the allegations of paragraph 75 of the Complaint.

76. Defendant DCS denies the allegations of paragraph 76 of the Complaint.

77. Defendant DCS denies the allegations of paragraph 77 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

By its words and conduct, Plaintiff is estopped from pursuing its claims.

## THIRD AFFIRMATIVE DEFENSE

By its words and conduct, Plaintiff has waived its claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by failure of consideration.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has no legitimate business interests to protect and therefore is precluded from enforcing any purported covenant not to compete as it violates public policy.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by reason of its own breach of contract with Mr. Glubke.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges that Mr. Glubke violated a contractual obligation not to compete with Jenzabar, said obligation is an unreasonable restraint of trade that adversely affects legitimate competition.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

## NINTH AFFIRMATIVE DEFENSE

The allegations set forth in Plaintiff's complaint are wholly and substantial, frivolous and not advanced in good faith within the meaning of Massachusetts General Laws, Chapter 231, §6F.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because it materially breached the Tolling Agreement entered into by the parties on January 9, 2006, and subsequent amendments thereto.

## TWELFTH AFFIRMATIVE DEFENSE

This Court is without jurisdiction over the persons of Defendants.

## COUNTERCLAIM

1. Plaintiff-in-counterclaim, Michael L. Glubke, resides at 7008 Destiny Hills Drive, Austin, TX 78738.

2. Plaintiff-in-counterclaim, Dynamic Campus Solutions, Inc. ("DCS"), is a corporation with a principal place of business at 11486 Corporate Blvd. - Suite 151 Orlando, FL 32817.

3. Upon information and belief, Defendant-in-counterclaim Jenzabar, Inc. ("Jenzabar") is a corporation with a place of business at 5 Cambridge Center, Cambridge, Massachusetts 02142 and is the successor in interest to CARS Information Systems Corporation ("CARS").

4. Prior to March 2000, Glubke was employed by CARS.

5. In March 2000, Jenzabar purchased all of the stock of CARS.

6. From March 2000 through May 2002, Glubke was employed by Jenzabar.

7. Glubke resigned from Jenzabar in May 2002.

8. At the time Glubke resigned from Jenzabar, he entered into a severance agreement with Jenzabar in which Jenzabar agreed, among other things, to continue to pay Glubke his salary at the pro rated rate of $125,000 per year through December 31, 2002 ("Severance Agreement").

9.  In September 2002, Jenzabar, without proper cause, stopped paying under the Severance Agreement when it learned that Glubke had relocated to California.

10. As a result, Jenzabar failed to pay Glubke for the period from September 16, 2002 through December 31, 2002.

11. In July 2003, approximately 14 months after Glubke's resignation from Jenzabar, Jenzabar and CARS filed an action in the United States District Court for the District of Massachusetts (Eastern Division) styled <u>Jenzabar, Inc. and CARS Information Solutions, Inc. v. Dynamic Campus Solutions, LLC, Michael L. Glubke, Richard W. Middaugh, and Dorothy Hess</u>, Civil Action No. 03-cv-11345 (NMG) (the "First Action"). Glubke and Richard W. Middaugh ("Middaugh") asserted counterclaims against Plaintiffs for breach of contract, and breach of contract and conversion, respectively.

12. The parties to the First Action entered into a tolling agreement on January 9, 2006 (the "Tolling Agreement") pursuant to which the parties agreed, among other things, that (1) they would dismiss the First Action without prejudice and toll any applicable time-based claims or defenses, (2) Jenzabar would provide 15 days notice prior to refiling a lawsuit against Defendants, and (3) Jenzabar would file a new lawsuit against Defendants within 12 months of the date of the Tolling Agreement.

13. Middaugh and Jenzabar entered into a settlement agreement on or about December 11, 2006 dismissing their respective claims.

14. On December 15, 2006, 25 days before the expiration of the Tolling Agreement, counsel for Jenzabar proposed that the parties extend the Tolling Agreement for an additional three months – to March 30, 3007 – in order to engage in further settlement discussions (the "First Amendment").

15. Jenzabar's counsel drafted and provided Dynamic Campus Solutions, LLC ("DCS"), Glubke, and Dorothy Hess ("Hess"), with a draft amendment to the Tolling Agreement.

16. Approximately one week later, on December 22, 2006, counsel for DCS, Glubke, and Hess executed the First Amendment which, in addition to extending the filing date of a new lawsuit to March 30, 2007, contained the same requirement as the Tolling Agreement that Jenzabar was required to provide DCS, Glubke, and Hess with 15 days notice prior to filing a new lawsuit, i.e., by March 15, 2007.

17. Approximately three months later, on March 12, 2007 (18 days before the expiration of the First Amendment), Jenzabar's counsel contacted Glubke and his attorney to propose that the remaining parties extend the First Amendment for an additional three months, to June 30, 2007.

18. Jenzabar's counsel drafted and provided a proposed amendment incorporating the new terms. The remaining parties agreed to this amendment on March 19, 2007 (the "Second Amendment").

19. Pursuant to the terms of the Second Amendment, Jenzabar was bound again to provide DCS, Glubke, and Hess with 15 days notice before filing a new lawsuit against them and had to file the new lawsuit by June 30, 2007.

20. On Monday, June 25, 2007, just five days before the expiration of the Second Amendment and the deadline for filing its lawsuit against DCS, Glubke, and Hess, Jenzabar's counsel proposed to Glubke and his attorney that the parties extend the Tolling Agreement an additional three months, to September 30, 2007.

21.     DCS and Glubke did not agree to an extension by June 30, 2007, and on July 2, 2007, two days <u>after</u> the June 30, 2007 filing deadline established by the Second Amendment, Jenzabar filed the above-captioned action, styled <u>Jenzabar, Inc. v. Dynamic Campus Solutions, Inc., Michael L. Glubke, and Dorothy Hess</u> (the "Second Action").

22.     DCS and Glubke did not receive notice 15 days before either June 30, 2007 or July 2, 2007 that Jenzabar intended to file its lawsuit against them.

23.     Jenzabar served its Complaint in the Second Action on Defendants on October 29, 2007.

## COUNT I
*(Breach of Contract)*

24.     Plaintiffs-in-counterclaim, DCS and Glubke, repeat and reallege paragraphs 1 through 23, inclusive, as if fully set forth herein.

25.     As a direct and proximate result of Jenzabar's repeated and continuing breach of its contractual obligations pursuant to the Severance Agreement, Glubke has suffered and will continue to suffer damages.

26.     As a direct and proximate result of Jenzabar's breach of the Tolling Agreement, and amendments thereto, Glubke and DCS have suffered and will continue to suffer damages.

WHEREFORE, Plaintiffs-in-counterclaim, DCS and Glubke, demand judgment against Jenzabar in an amount to be determined by the Court, plus interest, costs, attorneys' fees and other such relief as this Court deems just and proper.

## JURY DEMAND

Defendants hereby demand a jury trial on all claims and counterclaims so triable.

            DYNAMIC CAMPUS SOLUTIONS, INC.,
            MICHAEL L. GLUBKE, and
            DOROTHY HESS

            By their attorneys,

            */s/ David M. Felper*
            David M. Felper (BBO#162460)
            Christine S. Collins (BBO#639293)
            Bowditch & Dewey, LLP
            311 Main Street – P.O. Box 15156
            Worcester, MA 01516-0165
            (508) 791-3511
            dfelper@bowditch.com
            ccollins@bowditch.com

June 13, 2008

## CERTIFICATE OF SERVICE

    I, David M. Felper, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filings (NEF) and paper copies will be sent to any indicated as non-registered participants on June 13, 2008.

            */s/ David M. Felper*
            David M. Felper